**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CRIMSON YACHTS, etc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0334-WS-C |
| ) | |
| **M/Y BETTY LYN II, etc., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the motion of defendant BLyn II Holding, LLC ("BLyn") for default judgment and to amend the joint pretrial order. (Doc. 157).[1] The plaintiff and related third-party defendants ("the Horizon Parties") have filed a brief in opposition, (Doc. 159), and the motion is ripe for resolution.

BLyn filed a counterclaim and a third-party complaint against the Horizon Parties, alleging various fraud claims. (Doc. 150). The Horizon Parties answered but did not assert any defense of failure to plead fraud with particularity. (*Id*. at 1-2). BLyn filed an amended counterclaim and amended third-party complaint in September 2009. (*Id*. at 2). The Horizon Parties filed no answer to the amended pleadings until June 2010, at which time they introduced an affirmative defense of failure to plead fraud with particularity. (Docs. 146, 147). BLyn filed a motion to strike, (Doc. 150), which the Court granted after the Horizon Parties declined to contest it. (Doc. 155).

BLyn's amended counterclaim and amended third-party complaint introduced new claims of breach of bailment contract, conversion and negligence. (Doc. 157 at 1). BLyn now argues that the Court's order granting BLyn's motion to strike "effectively

---

[1] The Court recognizes no such thing as a joint pretrial order. Parties submit a joint pretrial document, and the Court enters a pretrial order. BLyn's motion refers to the joint pretrial document.

[1]

eliminated [the Horizon Parties'] denials of the breach of bailment contract, conversion and negligence claims." (*Id*. at 3). Therefore, it concludes, the Court should enter default judgment in its favor on these claims and amend the joint pretrial document to eliminate any suggestion that those claims remain disputed. (*Id*.).

BLyn's motion fails at multiple points. As a threshold matter, BLyn has moved for entry of default judgment without first seeking or obtaining entry of default. The latter is a "necessary precondition" to the former and, without its satisfaction, the motion for default judgment must be denied. *Travelers Casualty & Surety Co. v. East Beach Development, LLC*, 2007 WL 4097440 at *1 (S.D. Ala. 2007).

Moreover, there is a fundamental disconnect between BLyn's motion for default judgment and the successful motion to strike on which it is based. While the motion to strike nominally requested the Court to strike the Horizon Parties' "answers," (Doc. 150 at 1), it thereafter made plain that the only portion of the amended answers at issue was the insertion of an affirmative defense of failure to plead fraud with particularity. First, the motion to strike emphasized that the original answers "ma[de] no reference to the sufficiency" of BLyn's pleadings. (*Id*. at 1-2). Second, the motion to strike complained that the amended answers "alleg[ed], for the first time as an affirmative defense, that BLyn's fraud claims are not plead [sic] with the specificity required by Rule 9(b)." (*Id*.). Third, the two sub-headings of the argument section of the motion to strike were that the Horizon Parties' "Affirmative Defense to BLyn's Fraud Claim is Untimely" and that "BLyn will suffer prejudice at the allowance of this untimely affirmative defense." (*Id*. at 4). Fourth, no less than ten times within this argument section, BLyn referred to the affirmative defense as the target of its motion. (*Id*. at 4-5). Fifth, the motion to strike concluded with not just one, but two, explicit requests for relief limited to striking the affirmative defense. (*Id*. at 5).[2]

---

[2] "As such, the Court should strike as untimely [the Horizon Parties'] affirmative defense of failure to plead fraud with specificity contained within their Amended Answers." (*Id*.). "WHEREFORE, PREMISES CONSIDERED, [BLyn] prays the Court strike [the Horizon (Continued)

[2]

While BLyn's motion to strike focused exclusively on this affirmative defense, its current motion seeks default judgment in its favor on three claims it asserted for the first time in its amended counterclaim and amended third-party complaint.  It feels at liberty to expand its target because the Court's order granting its motion to strike ordered stricken the amended answers in their entirety, which necessarily includes the Horizon Parties' responses to the three new claims.

In striking the amended answers in their entirety, the Court relied on the introductory sentence of the motion to strike quoted above, which requested such relief.  The Court recognized that the motion to strike focused exclusively on the particularity defense and twice sought only the striking of that defense, but it understood from BLyn's briefing as described above that the single effect of striking the amended answers would be to remove the particularity defense from the case.  This was plainly a correct reading, since the motion addressed nothing but that defense, repeatedly requested that it - and it alone - be stricken, and did not inform the Court that BLyn's amended counterclaim and amended third-party complaint had inserted new claims for relief.[3]

In short, the motion to strike placed in issue only the particularity defense, and BLyn secured the striking of the amended answers in toto by representing to the Court that only the particularity defense would be eliminated by so doing.  Having secured a favorable ruling based on that representation, it now seeks a windfall default judgment on claims that were not encompassed within its motion to strike to begin with.  The Court is

---

Parties'] amended affirmative defenses to [BLyn's] First Amended  Complaint (Doc. 147) as untimely."  (*Id.*).

[3] The heading of the argument section of the motion to strike states that the Horizon Parties' "Amended Answers are Untimely and Due to be Stricken in Part as to an Affirmative Defense or as to Amended Claims."  (Doc. 150 at 2).  The term "*amended* claims" did not inform the Court that BLyn had asserted *additional* claims but instead indicated that BLyn had amended the allegations of the claims it had already alleged in its original counterclaim and third-party complaint.

confident that BLyn acted in good faith, but it would be inappropriate nevertheless for BLyn to profit from this sequence of events.

The Court's ruling on BLyn's motion to strike is interlocutory and can be revisited at any time before final judgment. *E.g., Harper v. Lawrence County*, 592 F.3d 1227, 1232-33 (11th Cir. 2010). It is appropriate to do so under the circumstances present here. It is clear from the motion to strike that the only relief actually sought by the motion was that the affirmative defense of failure to plead fraud with particularity be stricken. *See* note 1, *supra*. As noted, the Court granted broader relief only because it was led to believe that the broader relief would accomplish nothing more than elimination of that defense.

To rectify this error, and to provide BLyn only the relief it actually requested, the final paragraph of the Court's order on motion to strike, (Doc. 155), is **modified** to read as follows:

"For the reasons set forth above, BLyn's motion to strike is **granted**. Those portions of the amended pleadings, (Docs. 146, 147), purporting to assert an affirmative defense of failure to plead fraud with particularity are **stricken**."

For the reasons set forth above, BLyn's motion for default judgment and to amend the joint pretrial order is **denied**.

DONE and ORDERED this 30th day of July, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE