**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CRIMSON YACHTS, etc.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0334-WS-C |
| ) | |
| **M/Y BETTY LYN II, etc., et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

    This matter is before the Court on the motion of defendant BLyn II Holding, LLC ("BLyn") to amend the final pretrial order. (Doc. 163). The plaintiff has filed a brief in opposition and BLyn a reply, (Docs. 166, 170), and the motion is ripe for resolution.

    Pursuant to Court order, the parties submitted a joint pretrial document. (Doc. 153). As the parties have long known, "[o]nce adopted by the Court as part of the Pretrial Order, the Joint Pretrial Document shall constitute the final statement of the claims, affirmative defenses and relief at issue … and shall constitute the basis for any relief afforded by the Court." (Doc. 86, Attachment at 4). The Court entered the final pretrial order, "which hereby incorporates by reference the parties' Joint Pretrial Document [and] henceforth shall constitute the final statement of the issues involved in this action … and form the basis for any relief afforded by the Court." (Doc. 161 at 2). "Dispositive legal issues that are not contained in the parties' Joint Pretrial Document, or in any amendments to that document expressly permitted by order of the Court, will not be considered." (*Id*.).

    BLyn's amended counterclaim included a claim for breach of contract and accounting and a request for attorney's fees. The joint pretrial document, however, omits these matters, and the purpose of BLyn's motion is to resurrect them. As the parties agree, BLyn's motion is governed by Rule 16(e), which provides that "[t]he court may

[1]

modify the order issued after a final pretrial conference only to prevent manifest injustice." As construed by the Eleventh Circuit, however, the Court does not always employ a strict manifest injustice standard:

> There is a presumption that a [final] pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court. Upon a finding that an amendment to the pretrial order would result in either substantial injury to the opposing party or inconvenience to the court, the pretrial order should only be amended to avoid manifest injustice.

*United States v. Varner*, 13 F.3d 1503, 1507-08 (11th Cir. 1994); *accord Jacobs v. Agency Rent-A-Car, Inc.*, 145 F.3d 1430, 1432 (11th Cir. 1998).

The plaintiff has long known of the omitted claims and has in fact prepared to defend against them at trial. It does not assert otherwise. Instead, it identifies its only prejudice as having omitted discussion of the breach of contract claim from its trial brief in reliance on its absence from the pretrial order. This is plainly not "substantial injury or prejudice." Nor will amendment inconvenience the Court, since the claim will not delay or prolong next week's trial. There is thus a presumption that BLyn's motion be granted, and the plaintiff offers nothing to rebut the presumption. Accordingly, the motion to amend the pretrial order is **granted**. BLyn is **ordered** to file and serve, on **August 19, 2010**, a brief addendum to the joint pretrial document setting forth its claim for breach of contract and accounting and request for attorney's fees. Upon filing of that document, it will be deemed incorporated into the final pretrial order. The plaintiff is **ordered** to file and serve, on or before **August 20, 2010**, a short supplement to its trial brief addressing the matters included in BLyn's addendum.

DONE and ORDERED this 19th day of August, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

[2]